# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CHRISTOPHER L. FLORES, JR.<br><br>Plaintiff,<br>v.<br><br>BOBBY MILES, KRYSTINE JACKSON, SCOTT CRAIG, SHUEL DARLENE, CAPTAIN RAMOS, SERGEANT NURTON, and JOANNA GOEBEL,<br><br>Defendants. | Case No. 26-CV-831-JPS<br><br>**ORDER** |

Plaintiff Christpher L. Flores, Jr., a former inmate, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. This Order resolves Plaintiff's various pending motions and screens his complaint.

## 1. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

The Court will grant Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2. Plaintiff must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

## 2. SCREENING THE COMPLAINT

### 2.1 Federal Screening Standard

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints

liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that he was placed into DHS for calling correctional officers and police his sex offenders from when he was a child. ECF No. 1 at 3. Plaintiff's attorney said no one would believe him and told Plaintiff not to get hurt. *Id.* He called his attorney a child rapist for attempting to rape him. *Id.* From 2010 to 2011 Plaintiff was slaved in cells in Sand Ridge and Racine. *Id.* at 4. Plaintiff was in cells that used two-way interference with brain programming and neuro intelligence. *Id.* Plaintiff's memory was hypnotically refreshed by witnesses. *Id.* at 5. Plaintiff was accepted as a White House agent with a certificate in cyber securities and forensics. *Id.* Court will not elaborate on the remaining allegations for the reasons explained below.

### 2.3 Analysis

The Court finds that Plaintiff's complaint cannot proceed because the allegations are factually frivolous. A frivolous complaint "'lack[s] an arguable basis either in law or fact.'" *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A complaint is *factually* frivolous if its allegations are "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible." *Id.* (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). Allegations that are merely "unlikely," "improbable," or "strange," do not meet this standard. *Id.* (quoting *Denton*, 504 U.S. at 33).

Here, the Court finds Plaintiff's allegations to be factually frivolous because they are fanciful. Plaintiff alleges, among other things, a conspiracy

between jail staff, police, and his own attorney regarding rape allegations. Plaintiff also hypnotism, brain programming, and being an agent for the White House. "Such a vast conspiracy, requiring an impossible degree of secrecy and resources, is fanciful." *Atkins v. Sharpe*, 854 F. App'x 73, 75 (7th Cir. 2021). As such, the Court finds that Plaintiff's allegations are factually frivolous and that any amendment would be futile.

**3. CONCLUSION**

In sum, the Court finds that Plaintiff's complaint is frivolous and must be dismissed. The Court will not grant Plaintiff leave to file an amended complaint in this instance. Although courts generally permit civil plaintiffs at least one opportunity to amend their pleadings, the Court need not do so where the amendment would be futile. *See Runnion ex rel. Runnion v Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). As such, the Court will dismiss the case, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the complaint is frivolous and will therefore assess a "strike" under 28 U.S.C. § 1915(g). The Court will accordingly deny Plaintiff's motion to appoint counsel, ECF No. 5, as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff shall pay the $350.00 balance of the filing fee as he is able;

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel, ECF No. 5, be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because it is frivolous;

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g);

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 22nd day of October, 2026.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.